IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER HANTAK,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-CV-0930-MJR -PMF |
| | ) |
| **VILLAGE OF PONTOON BEACH, ILLINOIS; AARON MORGAN, CHRIS MODRUSIC,** and **CHIEF CHARLES LUEHMANN,** individually and in their official capacities, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER
ON DEFENDANTS' MOTIONS IN LIMINE**

**REAGAN, District Judge:**

Trial in this civil action is set to commence on December 27, 2010, with jury selection on December 23, 2010. Now before the Court is Defendants' motion(s) in limine (Doc. 55) and Plaintiff's response (Doc. 58).

The purpose of a motion in limine is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial. *See Luce v. United States*, 469 U.S. 38, 41, n.4 (1984)("although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials"); Fed. R. Evid. 104(a)("Preliminary questions concerning the qualification of a person to be a witness ... or the admissibility of evidence shall be determined by the court....").

Page 1 of 6

Although found neither in the Federal Rules of Civil Procedure nor in the Federal Rules of Evidence, *Deghand v. Wal-Mart Stores, Inc.*, 980 F. Supp. 1176, 1179 (D. Kan. 1997), motions in limine aid the trial process "by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). Motions in limine also may save the parties time, effort and cost in preparing and presenting their cases. *Pivot Point Intern., Inc. v. Charlene Products, Inc.*, 932 F. Supp. 220, 222 (N.D. Ill. 1996). Often, however, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.), *cert. denied*, 423 U.S. 987 (1975).

The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). The court may deny a motion in limine when it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). However, "[d]enial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech.*, Inc., 831 F. Supp. 1398, 1401 (N.D. Ill. 1993). Denial only means that the court cannot decide admissibility outside the context of trial. *Plair*, 864 F. Supp. at 69.

Clearly, a court may reserve judgment until trial, so that the motion in limine is placed "in an appropriate factual context." *Nat'l Union*, 937 F. Supp. at 287. Stated another way, motion *in limine* rulings are "subject to change when the case unfolds" at trial.

Luce, 469 U.S. at 41. Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id*. At bottom, the court may alter an *in limine* ruling based on developments at trial or sound judicial discretion. *Luce*, 469 U.S. at 41.

With these principals in mind, the Court rules as follows:

**Doc. 55:**

*Subpart I*:

"This court should bar evidence or testimony regarding any prior or subsequent causes of action or complaints brought against any of the Defendants."

**GRANTED** as to the McCann (alleged false arrest) and Blakely (alleged unconstitutional search) cases. As to the Matthews case, **the Court RESERVES RULING** at this time. The admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation. Therefore, a ruling at this juncture would be premature. Because of the age of this case, which lessens its relevance, plaintiff's counsel needs to lay a foundation outside the presence of the jury before mentioning it or seeking its admission under Fed. R. Evid. 404(b).

*Subpart II:*

"This court should bar evidence or testimony regarding Officer Modrusic's 30-day suspension."

**GRANTED.** The 30 day suspension for alleged mistreatment of a prisoner was ultimately overturned and Modrusic's lost pay reinstated. The probative value of this specific evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. Fed. R. Evid. 403

*Subpart III:*

"This court should bar testimony or evidence that Officer Morgan, Officer Hartman, and Officer Modrusic drove to Springfield and met with a PBPA attorney prior to submitting their reports of the incident in question."

**DENIED.** The temporal relationship and circumstances surrounding the officers' activities prior to submitting their reports is admissible under Fed. R. Evid. 402. For no other reason than they show the deliberative nature of the officers prior to report submission and tend to negate any argument they were prepared in haste or contain mistakes.

*Subpart IV:*

"This court should bar all evidence and testimony that Officer Morgan was put on administrative leave after the incident."

**GRANTED** by agreement.

*Subpart V:*

"This court should bar all evidence and testimony that Officer Morgan saw a psychologist or psychiatrist after the shooting."

**GRANTED** by agreement.

*Subpart VI:*

"This court should bar Dr. Todd Brickman's and Dr. Gary Peterson's medical records to the extent that they indicate whether bullet wounds were entry or exit wounds, and this court should also bar both Dr. Brickman and Dr. Peterson from testifying any opinions as to whether any bullet wounds were entry or exit wounds."

**DENIED.** By signing the reports, the doctors adopted the contents attributed to them. They are free to amplify upon, retract or explain-away their statements regarding the entry/exit wounds, but they cannot escape their writings selectively. This is the stuff of which cross-examination, rehabilitation and lawsuits are made.

*Subpart VII:*

"This court should bar Dr. Mary Case from testifying, indicating, or suggesting in any way her opinion that the bullet wound in Hantak's left shoulder was an entrance or exit wound, and from testifying as to opinions not included in her expert report or deposition testimony."

**DENIED AS UNNECESSARY.** This subject is covered by the Federal Rules of Civil Procedure, making a motion in limine unnecessary. *See* Fed R. Civ. P. 26 (a)(2) & (e)(2). Only opinions properly disclosed or discovered by either side are admissible.

*Subpart VIII:*

"This court should bar all evidence and testimony related to medical damages for which there is no testimony from a witness with medical background and training, including current and future medical damages, and psychological and emotional damages."

**DENIED AS OVERBROAD AND LACKING REQUIRED SPECIFICITY.** Fed R. Evid. 701 will govern the proposed testimony. Plaintiff may factually describe his injuries and how his condition of ill-being, if any, differs pre-and post injury. Some of his ailments may require expert testimony while others may not and the Court cannot offer a laundry list of admissible and non-admissible testimony but instead will await the Q and A.

*Subpart IX:*

"This court should bar all evidence or testimony of lost wages or lost employment benefits."

**DENIED.** Plaintiff has the burden of proving his damages and that they were proximately caused by defendants' actionable conduct. If he fails to do that, or fails to mitigate, the jury will so indicate.

*Subpart X:*

"This court should bar all evidence or testimony related to punitive damages."

**GRANTED** as to the Village of Pontoon Beach and Chief of Police Luehmann, and all Defendants sued in their official capacity who are all immune from punitive damages in their official capacity under §1983, or the Illinois Local Governmental and Governmental Employees Tort Immunity Act. **GRANTED** as to the claims against Chief Luehmann and Officer Modrusic in their individual capacity due to lack of evidentiary support their actions or inactions were willful, wanton or motivated by ill will or a desire to harm or injure. **DENIED** as to Officer Morgan.

*Subpart XI:*

"This court should bar all evidence or testimony regarding indemnification."

**GRANTED PROVISIONALLY.** The admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation or the "opening of the door by the defense." Therefore, a definitive ruling at this juncture would be premature. Suffice it to say this testimony generally runs afoul of Fed. R. Evid. 411. Plaintiff's counsel needs to lay a foundation outside the presence of the jury before mentioning it or seeking its admission.

*Subpart XII:*

"This court should bar all evidence or testimony of settlement negotiations or the desire of either side to settle this case."

**DENIED AS UNNECESSARY.** This subject is covered by the Federal Rules of Evidence, making a motion in limine unnecessary. See Fed R. Evid. 408.

*Subpart XIII:*

"This court should bar all video images of Hantak's injuries while Hantak was in the hospital."

**DENIED.** Plaintiff's counsel represents the videotape lacks audio so that moots the audibility issue. It is premature for the Court to consider the cumulative evidence objection.

*Subpart XIV:*

"This court should bar Hantak from introducing any documents at trial produced in Hantak's Fourth Supplement to Production, bates stamped HAN 01434–01896, to the extent that those documents were not already produced."

**RULING RESERVED** pending oral argument at the jury instruction conference which will be held in advance of trial.

*Subpart XV:*

"Defendants reserve the right to seek leave to file an additional motion in limine upon the court's ruling on Defendants' Motion for Summary Judgment."

**DENIED.** The time for filing motions in limine has come and gone. If either side anticipated filing motions dependent upon the Court's summary judgment ruling, they should have done so in the alternative or on a contingent basis. Seasoned counsel are appearing for each side and the Court does not anticipate any shenanigans with respect to surreptitiously admitting otherwise obviously inadmissible evidence or sharp practices. Objectionable evidence should be met with a well-taken timely, non speaking objection.

The parties are instructed to meet and confer with their witnesses to alert them to the Court's rulings herein.

In sum, **Doc. 55 is GRANTED in part, DENIED in part and the Court RESERVES RULING in Part.**

**IT IS SO ORDERED.**

DATED December 14, 2010.

/s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**United States District Judge**